# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TERESA C. GERLEMAN,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 16-CV-210-LRR

**ORDER**

_____

## I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

The matter before the court is Plaintiff Teresa C. Gerleman's "Application for Attorneys Fees Under the Equal Access to Justice Act" ("Motion") (docket no. 21), which she filed on December 26, 2017. In the Motion, Gerleman seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,627.55. *See* Motion at 1-2. On January 8, 2018, Defendant Commissioner of Social Security ("Commissioner") filed a Response (docket no. 22), stating that she did not object to Gerleman's request for attorney fees pursuant to the EAJA, but advised that any award must be "payable to [Gerleman] as the litigant, because it is subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States." Response at 1. The matter is fully submitted and ready for decision.

## II. ANALYSIS

### A. Applicable Law

The EAJA permits a "prevailing party" to apply for attorney fees and other expenses in any civil action brought by or against the United States, including applications for judicial review of agency actions. *See* 28 U.S.C. § 2412(d)(1)(A). A prevailing party

is entitled to such fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

A party seeking fees and expenses must clear several preliminary hurdles before an award is proper. An application for attorney fees must be made within thirty days of final judgment in the underlying action[1] and must "show[] that the party is a prevailing party and is eligible to receive an award under" the EAJA. *Id.* § 2412(d)(1)(B). A party applying for fees must provide the court with an itemized statement from his or her attorney stating "the actual time expended and the rate at which fees and other expenses were computed." *Id.* The party must also allege that the United States's position was not substantially justified. *Id.* If the party is an individual, as here, such individual's net worth must not exceed $2,000,000 at the time the action was filed. *Id.* § 2412(d)(2)(B). Furthermore, Congress has placed a cap on the rate at which fees may be awarded—"attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* § 2412(d)(2)(A).

With regard to whether the United States's position was substantially justified, the Eighth Circuit Court of Appeals has stated:

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and

---

[1] Functionally, this requires parties to file such application no later than ninety days from the date that judgment is entered. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until [thirty] days after a judgment becomes 'not appealable'—*i.e.*, [thirty] days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until [sixty] days after 'entry of judgment' . . . ." (citations omitted)).

2

> fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see also Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). Relatedly, "[t]he special circumstances exception is intended to protect the [United States] when it attempts to enforce the law by asserting 'novel but credible extensions and interpretations of the law.'" *United States v. Q Int'l Courier, Inc.*, 221 F.3d 1345, at *1 (8th Cir. 2000) (unpublished table opinion) (quoting *U.S. Dep't of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 347 (8th Cir. 1997)); *see also Jackson v. Bowen*, 807 F.2d 127, 128 n.3 (8th Cir. 1986).

In *Astrue v. Ratliff*, the Supreme Court held that any fees awarded pursuant to the EAJA should be awarded directly to the litigant, rather than the litigant's attorney. *See* 560 U.S. 586, 593 (2010). Therefore, if the recipient of an award under the EAJA "owes certain delinquent federal debts," the government is entitled to offset the fees award by the debts owed by the litigant. *See id.* at 589-90 (citing 31 U.S.C. §§ 3701, 3711(a), 3716(a)). Therefore, litigants may not assign their rights to an EAJA fees award to their attorneys and courts are not at liberty to alter the dictates of the *Ratliff* holding—courts in this district routinely refuse to award fees directly to a party's attorney, even if such party assigned the right to collect such fees to his or her attorney. *See, e.g.*, *Stout v. Colvin*, No. C14–3037-LTS, 2016 WL 6436596, at *2 (N.D. Iowa Oct. 28, 2016); *Tracy v. Colvin*, No. C 11-3072-MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013) ("I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to his attorney."). However, courts have

authorized the payments to be forwarded to a litigant's attorney, after any applicable offset, if it is consistent with the relevant agency or department's practices. *See Stout*, 2016 WL 6436596, at *2; *Tracy*, 2013 WL 1213125, at *3.

## B. Application

Here, the court finds that Gerleman has cleared the preliminary hurdles to proceed with her fee application. She is the prevailing party in the underlying dispute. *See Ratliff*, 560 U.S. at 591 ("We have long held that the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant."). The court further finds that the Commissioner has not shown either a substantial justification or special circumstances to preclude an award of attorney fees. By stating that the Commissioner has no objection to the award of non-excessive fees, the court finds that, at the least, the Commissioner has failed to carry her burden of establishing that her position was substantially justified. The court further notes that the Commissioner has advanced no facts or arguments regarding whether special circumstances exist to preclude a fees award. The court finds that Gerleman has established that the hourly rates requested for attorney's time are permissible and the hours requested are reasonable. *See* Motion at 2; Exhibits to the Motion (docket no. 21-1). The total award is reasonable and non-excessive.

## III. CONCLUSION

In light of the foregoing, the Motion (docket no. 21) is **GRANTED**. Gerleman is hereby awarded attorney fees pursuant to the EAJA in the amount of **$7,627.55**, to be paid by the Social Security Administration, offset for any debts Gerleman may owe the United States. Such award should be payable directly to Gerleman in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

**IT IS SO ORDERED.**

**DATED** this 21st day of February, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA